IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | §<br>§<br>§ | |
| v. | § | No. 4:21-cv-00593 |
| | § | |
| $698,996.19 in UNITED STATES CURRENCY, | §<br>§<br>§ | |
| 2020 PARKER 23SE BOAT, | §<br>§ | |
| 2021 LOAD RITE TRAILER, | §<br>§ | |
| 2020 DODGE RAM 1500 TRUCK, | §<br>§ | |
| 2016 MASERATI GRAN TURISMO COUPE, and | §<br>§<br>§ | |
| 2018 BMW X5 M SERIES SUV,<br>Defendants. | §<br>§ | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States for a violation of 21 U.S.C. §841(a)(1) (Distributing, Dispensing, or Possessing with Intent to Distribute or

Dispense Controlled Substances by a Practitioner), 21 U.S.C. §846 (Conspiracy to Distribute, Dispense, or Possess with Intent to Distribute or Dispense Controlled Substances by a Practitioner), 18 U.S.C. §1341 (Mail Fraud), 18 U.S.C. §1347 (Health Care Fraud), and 42 U.S.C. §1320a-7b(b)(1) (Soliciting or Receiving Health Care Kickback).

Defendant In Rem

2. The Defendant Property is $698,996.19 in United States currency consisting of $617,400.00 seized from TD Ameritrade account number x3643 in the name of Grant W Armstrong and Katherine J Armstrong Jt Ten on April 29, 2021, $66,337.71 seized from Guaranty Bank account number x1476 in the name of Armstrong RX LP on April 29, 2021, and $15,258.48 seized from Bank of America account number x3736 in the name of Grant W Armstrong on April 29,2021; a 2020 Parker 23SE Boat, Hull #PXM24713H920, seized from Grant Armstrong on April 29, 2021;  a 2021 Load Rite Trailer, VIN 5A4RS3T25M2010679, seized from Grant Armstrong on April 29, 2021; a 2020 Dodge Ram 1500 truck, VIN 1C6SRFHM2LN268684, seized from Grant Armstrong on April 29, 2021; a 2016 Maserati Gran Turismo Coupe, VIN ZAM45VLA2G0160469, seized from Grant Armstrong on April 29, 2021; and a 2018 BMW X5 M Series SUV, VIN 5UXKR6C52JL080201, seized from Grant Armstrong on April 29, 2021, (hereinafter, "Defendant Property").  The Defendant Property is in the custody of the United States Marshals Service.

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846, proceeds traceable to such an exchange, and moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of 21 U.S.C. § 846; and pursuant to 18 U.S.C. § 981 because it is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1341, 1347, and 42 U.S.C. § 1320.

7. Pursuant to 18 U.S.C. § 984, in any forfeiture action in which the subject property is funds deposited in an account in a financial institution:

   a. It shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and

   b. It shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

  Any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under 18 U.S.C. § 984, except no action pursuant to 18 U.S.C. § 984 to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

Facts

  8. The facts and circumstances supporting the forfeiture of the above-described property are briefed below and contained in the Affidavit of Special Agent Bryan Hoy, which is attached hereto and incorporated herein by reference.

  a. Law enforcement has been investigating the purchasing and dispensing habits of TEXAS RX PHARMACY (hereinafter, "TXRX") since February 2018 when it was discovered that this independent retail pharmacy was the top purchaser in the State of Texas for certain opioids such as Oxycodone, Hydrocodone, Levorphanol, and Methadone.

b. Records show that in some instances, TXRX has purchased more than 10 times the number of opioids, such as Oxycodone and Methadone, than an average pharmacy in the State of Texas.

c. This large volume of opioid purchases is inconsistent with the known legitimate pharmacy market and is highly indicative of a "pill mill" operation.  A "pill mill" is a pharmacy that will violate its corresponding responsibility for the legitimacy of a prescription (see 21 CFR 1306.04(a)) by turning a blind eye to obvious "red flags" for diversion.

d. A review of prescriptions was conducted by law enforcement, who noted TXRX was filling a large quantity of prescriptions that exhibited "red flags" for diversion.

e. Additionally, there were several hand-written changes on certain prescriptions for Primlev®, a brand name for one Oxycodone product manufactured by Akrimax Pharmaceuticals.  Because these changes involved a completely different formulation of a schedule II Oxycodone product, any change would have required the submission of a new prescription by the practitioner.

f. Law enforcement interviewed several of the prescribing physicians that had prescriptions for the generic Oxycodone changed to brand name Primlev®.  In each case, the physician denied authorizing the drug change, and denied having any knowledge of the change made by the pharmacy.

g. The illicit proceeds from the violations above were than distributed among various accounts associated with TXRX and Grant Armstrong, as well as used the purchased the specific property listed in the Defendant Property above.

Potential Claimants

8. The known potential claimants to the Defendant Property are:

a. Mr. William McMurrey, counsel for Grant and Kathrine Armstrong, 908 Chesnut Street, Bastrop, Texas 78602.

b. Connie Gelineau, 6020 Parker Road, Suite 270, Plano, Texas 75093.

c. Elizabeth Stepp, counsel for Connie Gelineau, 440 Louisiana St., Suite 200, Houston, Texas 77002.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

    /s/
Kevin McClendon

Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

### CERTIFICATION OF FILING OF MOTION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(A), undersigned counsel certifies that on July 28, 2021, Plaintiff filed a Motion to Seal Affidavit Supporting the Complaint for Forfeiture In Rem. [Doc. #2]

*/s/ Kevin McClendon*
KEVIN MCCLENDON
Assistant United States Attorney

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Bryan Hoy, hereby state that:

1. I am a Special Agent with the Internal Revenue Service.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*Bryan C. Hoy*

Bryan Hoy
Special Agent
Internal Revenue Service

Dated:   7/28/21